Ruffin, C. J.
 

 The Court is of opinion, that the instruction was erroneous. The Act of 1822, according to the letter, provided only for the discharge of debtors taken upon a
 
 capias ad
 
 satisfaciendum; and it was contended in
 
 Smallwood
 
 v.
 
 Wood,
 
 2 Dev. & Bat. 356, that it was confined to that single case of an arrest upon a writ of execution. But the Court held, that its true interpretation extended it to that case : which was, that the debtor was surrendered in Court by his bail after judgment, and the creditor prayed him in custody as in execution. It was so held, because that was substantially a
 
 ca. sa.,
 
 requiring the sheriff to keep the debtor in close custody, and rendering him liable in debt for an escape. It happened, that while that case was
 
 subjudice,
 
 the Legislature was passing in 1830 on the Revised Statutes, and there were added, after
 
 capias ad
 
 satisfaciendum” these other words, “or be in custody by surrender of bail after judgment.” Upon those words, we presume, the sheriff acted, and his Honor founded his opinion, in this case. But we think, that is putting on them an erroneous construction. We have reason to know, that the amendment was made for the purpose of covering the point, which had then arisen in
 
 Smallwood
 
 v.
 
 Wood,
 
 and for that purpose merely. The object was to make the Act express to that point; which the Court, however, held, a few months afterwards,
 
 *275
 
 to be within it, according to a sound construction, without those words. Although the words of the amendment are general, yet it is to be considered from the subject matter and context, what sort of custody and surrender by bail is meant in the Act. It seems to the Court clearly, that it is a custody at the instance of the creditor; which can only be when it is ordered by the Court upon his motion, as in execution. The provisions of the Act of 1822 in other respects remain unaltered, and they plainly point to such a custody as that mentioned. The bond is to be for the debtor’s appearance at the Court, “to which the execution shall be returnable,” and “in twice the amount of the debt.” If the surrender be in Court and the debtor be committed in execution, the sheriff has the means of knowing his duty in those respects, just as if he had a writ of execution. But when the surrender is to the sheriff in vacation, how can he know at what Court the appearance is to be, or in what sum the bond is to be taken. He has nothing in his hands to inform him on those points ; and it may be, that the Court, in which the judgment was rendered, is in a distant part of the State. That is a material consideration ; for, if the sheriff can discharge the debtor out of custody in any particular case, he is bound to do it. We think it clear, that the law could not mean, that the sheriff should be obliged to let the debtor at large at his risk, without furnishing him in the event of such case with the certain means of knowing for what sum and with what provisions he must take the bond. But the Act provides for no such things in the case of a surrender out of Court. On the contrary, it constantly speaks of the debtor within its purview being one in custody “at the instance” of the creditor. That is so, when it directs to whom the bond shall be payable, and the notice given, and in other parts; Besides, there was no necessity for any further provision as to persons, in custody for want of bail, than that in the Court law1
 
 *276
 
 of’77, which authorises their discharge “by rule of Court/ a provision made, no doubt* in reference to the practice in similar cases in England, where upon a rule a super-sedeas is awarded for such a prisoner, if the creditor unreasonably delay to declare, or to proceed to trial, or to charge in execution after judgment. I
 
 Tidd’sPr. Gh.
 
 15. Upon a surrender by the bail in term, the Court would discharge the debtor, if the creditor upon notice declined praying him in custody, as in execution. If the surrender be to the sheriff in vacation, the party would in like manner be discharged on
 
 habeas corpus,
 
 if upon reasonable notice the creditor would not deliver a
 
 ca. sa.
 
 or a
 
 com-miiiitur
 
 under the 22nd section of the Act of 1777, Ch. 115 ; or, doubtless, the Courts may make rules for a su-persedeas upon such a surrender to the sheriff, if the creditor, after reasonable notice, will not charge the debtor in execution. But to charge him in execution must be the act of the creditor. The debtor cannot place himself in execution, nor can his bail, so as to deprive the creditor of his execution against the property of the debtor, which the creditor might prefer, at least for the time. It cannot be supposed, that the law meant that the sheriff should, without any process to guide him, or any authoritative means of ascertaining the creditor’s demand or wishes, be obliged, or be at liberty of his own head, to let the debtor at large. There is another very material consideration to be taken into account on this subject. After a discharge from custody under a rule of Court, the creditor is not concluded from proceeding against the body ; but he may have any execution against the property or person, which he may deem at the time most likely to be effectual. But by this other mode it may be so contrived, that the debtor may presently and conclusively discharge himself, and that, in view of soon having the means, with which he might be compelled to pay the debt, if the creditor could by a
 
 ca. sa.
 
 get at him.
 
 *277
 
 If the debtor be actually imprisoned for want of bail, even before judgment, he may take the oath of insolvency after twenty days, by the Act of 1773 ; and so he may, if he be thus imprisoned after judgment, whether for the want of bail originally or upon a surrender. Both of the cases stand precisely on the same footing. The Legislature never meant to compel a creditor to take the debtor in execution, and thereby cut himself off from other process, nor enable the debtor, without going to prison, by any concert with his bail' or the sheriff, to conclude the creditor as if he had taken the other party in execution. What the law means, in the first place, is, that the creditor shall not keep his debtor in prison indefinitely without charging him in execution; and, in the next, that, when the debtor is charged in execution, he may keep out of prison by giving a bond with good sureties to pay the debt, or to give up all he has towards its satisfaction and to take an oath that he has nothing, or no more. For aught that we can see in this case, the debtor might have transferred to the relator the little property he had, if the sheriff had not discharged him.
 

 Per
 
 Curiam. Judgment reversed and
 
 venire de
 
 novo.